ALBANY,<br>Oct. 1826.<br><br>Bank of Cape<br>Fear<br>v.<br>Gomez.

---

THE PRESIDENT, DIRECTORS AND COMPANY OF THE BANK OF CAPE FEAR *against* GOMEZ, impleaded with others.

ASSUMPSIT, on a promissory note, dated *Wilmn. N. C. Decr.* 1819, by which one *B.* as principal, and the defendant and others as securities, promised to pay to the order of the plaintiffs, on or before the 1*st* day of *January*, 1821, $5000, value received, payable and negotiable at the bank of the plaintiffs, with interest from the 1*st* day of *January*, 1820. This note was signed thus : "*A. L. Gomez*," (the defendant,) "by *Lewis Gomez*, atty." after the other makers in their own hand.

*Gomez*, the defendant, alone was arrested, and appeared in this suit.

Plea, non assumpsit.

The cause was tried at the *New-York* circuit, *July* 1*st*, 1824, before EDWARDS, C. judge.

At the trial, the plaintiffs proved a power of attorney, dated *February*, 22*d*, 1820, signed and sealed by the defendant, authorizing his brother, *L. Gomez*, " to sign a note for five thousand dollars, ($5000,) payable to The president, directors and company of the bank of Cape Fear, of which J. F. B. &c. (naming the makers not arrested,) are joint makers or drawers ; also another note for five thousand five hundred dollars, ($5,500,) payable as above, and of which, J. F. B. &c. (other persons,)

A power of attorney to add one's name, as surety, to a pre-existing note, describing the note correctly as to the parties, the sum, and the time when payable, tho' it omit to mention that the note bears interest before due, is sufficient to sustain a verdict upon it against the one whose name was put there under the power. The question whether the particular note was intended, is one of identity; and may properly be submitted for determination to the jury.

ALBANY,
Oct. 1826.

Bank of Cape
Fear
v.
Gomez.

are joint makers, both of said notes payable on the 1st day of *January*, 1821 ;" and that the defendant's name was subscribed to the note, sometime between the 22d of *February*, 1820, and the 8th of *March*, of the same year.

The plaintiffs then admitting a payment of $2000, rested their cause.

The defendant moved for a nonsuit, because the note was signed by the attorney of the defendant ; whereas the power produced did not authorize such signature ; that the power was simply to sign a note for $5000, &c. without saying that it bore interest before due ; whereas the note signed bore interest from the 1st day of *January*, 1820. The note in question, was, therefore, not the one intended by the power.

The judge overruled the motion, and left it to the jury to say whether the note in evidence was the one intended by the power. The defendant excepted. The jury found for the plaintiffs.

In behalf of the defendant, a motion was now made for a new trial ; on the ground that the power did not warrant the signature ; and that the question submitted to the jury was improper for them.

*J. Oakley*, jun. for the defendant. The attorney acted under a special and limited power ; (*Paley on Ag.* 2 ;) and could not bind his principal by any act beyond the scope of his authority. (*Fenn* v. *Harrison*, 3 *T. R.* 757. 4 *id.* 177, *S. C.*) In pursuance of this principle, it has been decided, that a power to act for one *as executrix*, will not authorize the acceptance of bills to charge her in her own right, though for debts due from her testator. (*Gardner* v. *Baille*, 6 *T. R.* 591.) An authority to sign a note payable at 6 months, will not extend to a note for 60 days. (*Batty* v. *Carswell*, 2 *John.* 48.) The same principle has been repeatedly recognized by this court. (7 *John.* 394. 15 *id.* 54.) And where an agent exceeds his power in any one particular, his acts are wholly void. They shall not bind the principal *pro tanto.* (*Roe* v. *Prideaux*, 10 *East*, 158. *Jackson* v. *Huntley*, 5 *John.* 59, *per Cur. S. P.*)

This strictness of construction is, especially, applicable in favor of sureties. A bond that a clerk shall serve faithfully, and account for all money, &c. to the obligee and his *executors*, does not extend to money received by the clerk while in the employment of the executors, who continued the very business of their testator. (*Barker v. Parker*, 1 *T. R.* 287.) A promise to a house in trade, consisting of three, to pay for goods to be furnished to another, is confined to the very promissees ; and cannot be enforced for goods furnished after one has withdrawn from the firm. (*Myers v. Edge*, 7 *T. R.* 250.) Nor will a promise to pay one for goods, bind the promissor to pay him for goods furnished by another on the promissee's request, and on his responsibility. (*Walsh v. Bailie*, 10 *John.* 180.)

ALBANY,
Oct. 1826.

Bank of Cape
Fear
v.
Gomez.

The jury had nothing to do with the question. The objection raised related to the execution of a special power ; and involved a point of law merely.

*D. B. Ogden* and *J. O. Hoffman*, contra. We no not deny the general principle of law, that a special power must be strictly followed. But we do deny that either the general principle, or the authorities by which the counsel for the defendant has illustrated it, are applicable to the case before the court. This is not a power to execute a new note ; but to sign one already in existence ; and the only question which could arise was, whether the note in question was the one intended by the power. In other words, it was a mere question of identity ; of correspondence in certain points of fact, or description ; and being so, the judge had nothing to do with it, except to submit it, as he did, to the jury. The defendant took on himself a knowledge of all the circumstances in relation to the note. There was no other note in existence which corresponded in any one particular ; nor was this pretended.

*T. J. Oakley*, in reply. There was nothing in evidence beside the power and the note. Their existence was not questioned ; and there was, therefore, not a single fact to

be passed upon by the jury.   The whole was a question of construction upon two written instruments.   True, in all cases of the execution of a power, the question is, in a measure, one of identity, between the act intended and the act done ; but it ceases to be a question for the jury, when every fact is conceded.   The intent must be drawn from the written power.   This is purely a question of law. There was a plain variance, and a substantial one, between the note and the power ; and if a court of law are satisfied that the note in question was intended, they can give no relief.   Such a mistake cannot be rectified short of a court of chancery.

*Curia, per* SUTHERLAND, J.   The judge properly refused to nonsuit the plaintiffs.   It is apparent, on the face of the power of attorney from the defendant to his brother *Lewis,* that he intended to authorize him to sign his name to a preexisting note.   It is, " to sign a note for 5000 dollars, *payable* to the president, directors and company of the bank of Cape Fear, of which *J. T. B.* and others *are* joint makers or drawers, *payable* on the 1*st* day of *January,* 1821."   The note is not *to be made* payable ; but it *is* payable.   *J. T. B.* and others are not *to be* joint makers, or drawers ; but they *are* joint makers, or drawers.   The note is not *to be* made payable on the 1*st* of *January,* 1821 ; but it *is* payable on that day.   This is evidently intended as a general description or designation of a note, which the defendant knew to have been drawn ; and to require only the signature of his name to render it perfect.   He must, therefore, have been presumed to know the contents of the note ; and to have described its several characteristics by way of designation only.   The description is accurate, as far as it goes.   It seems to me, then, to have been a question of identity merely, as to the note intended ; and that was a question of fact exclusively for the the jury.   Whether the power of attorney would have authorized the making of a new note, like the one on which this suit is brought, is a distinct question, which I conceive does not arise in the case.   The jury have found that this

was the note intended by the power; and I think the evidence justifies their conclusion. But whether it does or not, is not material upon this application. It is founded on an exception to the opinion of the judge, in refusing to nonsuit the plaintiffs; and not on the ground that the verdict is against evidence. A new trial must be denied.